FLEMING, Administrator of Wage and Hour Division, United States Department of Labor, v. PEAVY–WILSON LUMBER CO., Inc.

No. 213.

District Court, W. D. Louisiana, Shreveport Division.

March 26, 1941.

Gerard D. Reilly, Sol. of Labor, Irving J. Levy, Asst. Sol., Robert S. Erdahl, and Victor C. Woerheide, all of Washington, D. C., and Charles H. Spitz, of Jacksonville, Fla., for U. S. Department of Labor.

Maguire, Voorhis & Wells, of Orlando, Fla., and John B. Files, of Shreveport, La., for defendant.

PORTERIE, District Judge.

The Administrator of the Wage and Hour Division of the United States De-

partment of Labor has instituted this action for an injunction, as provided by Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. 217, restraining defendant from violating certain of the provisions of Section 15 of the Act, 29 U.S.C.A. § 215.

Defendant has filed a demand for a trial by jury. The Administrator has moved to dismiss this demand.

The pertinent and basic provisions of law are the Seventh Amendment to the Constitution and the statutory provision found in 28 U.S.C.A. § 770, which need not be quoted.

The Act of June 19, 1934, 28 U.S.C.A. § 723c, which authorized the Supreme Court to prescribe general rules of practice and procedure in civil actions at law, provides (Sec. 2): "The court may at any time unite the general rules prescribed by it for cases in equity with those in actions at law so as to secure one form of civil action and procedure for both: *Provided, however,* That in such union of rules the right of trial by jury as at common law and declared by the seventh amendment to the Constitution shall be preserved to the parties inviolate. * * * "

The several provisions of Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, need not be quoted because they are inapposite, but we believe that subsection (c) of Rule 39 should be quoted.

"(c) In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or, * * * the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

█ Injunctions are matters of purely equitable cognizance and in the absence of express statutory provisions are exclusively within the jurisdiction of courts possessing general equity power. Stockton v. Russell, 5 Cir., 1892, 54 F. 224, 4 C.C.A. 300; United States v. Debs, C.C. N.D. Ill., 1894, 64 F. 724; Ely v. Monson, etc., Mfg. Co., C.C.D. Mass., 1860, 8 Fed.Cas. 604, No. 4,431, 4 Fish.Pat.Cas. 64; Woodworth v. Rogers, C.C.D. Maine, 1847, 30 Fed.Cas. 581, No. 18,018, 3 Woodb. & M. 135, 2 Robb Pat.Cas. 625. The Seventh Amendment has no application even to cases where recovery of money damages is sought as an incident to injunctive relief.

Clark v. Wooster, 119 U.S. 322, 325, 7 S.Ct. 217, 30 L.Ed. 392; Pease v. Rathbun-Jones Engineering Co., 243 U.S. 273, 279, 37 S.Ct. 283, 61 L.Ed. 715, Ann.Cas. 1918C, 1147.

For the well-established jurisprudence regarding the application of the Seventh Amendment and the extent of the right to trial by jury in equitable actions and proceedings, reference is made to the following cases: Parsons v. Bedford, 1830, 3 Pet. 433, 446, 7 L.Ed. 732; Barton v. Barbour, D.C.1881, 104 U.S. 126, 133, 26 L.Ed. 672; National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A. L.R. 1352.

█ The Rules abolished the procedural differences between law and equity, but not the differences between legal and equitable rights and remedies. Williams v. Collier et al., D.C.E.D. Pa.,1940, 32 F. Supp. 321. The Rules do not enlarge the right of trial by jury. Bellavance v. Plastic-Craft Novelty Co., D.C. Mass.1939, 30 F.Supp. 37.

█ It would seem clear therefore that since neither the Fair Labor Standards Act nor any other law of the United States grants a right to trial by jury to a defendant in an action brought under Section 17 of the Act seeking injunctive relief, the demand for a jury trial should be denied.

However, the motion of defendants for a jury trial seeks the exercise of a sound judicial discretion by this court in that an advisory jury should be empaneled to inform the conscience of the court. This is sought under Rule 39(c), supra.

Because the Fair Labor Standards Act is such recent legislation, there has been no time for courts to have come out with decisions except in the one case of a memorandum opinion, by Judge Hayes, of the Middle District of North Carolina, Rockingham Division, Civil Action No. 26, titled Philip B. Fleming, Administrator, etc. v. Sandhill Furniture Co., Inc.,[1] wherein a right to trial by a jury in an action brought under Section 17 of the Act was denied.

A discussion of this subject in the brief of the Wage and Hour Division, U.S. Department of Labor, is so satisfactory to the court that we make a quotation therefrom:

"Rule 39(c) has the effect of preserving the discretion always possessed by federal

equity courts to try issues with the aid of advisory juries. Federal Reserve Bank of San Francisco v. Idaho Grimm Alfalfa Seed Growers' Ass'n, 8 F.2d 922 (C.C.A. 9th, 1925), certiorari denied, 270 U.S. 646 [46 S.Ct. 347, 70 L.Ed. 778].

"The right to direct the trial of issues with an advisory jury will not be exercised by a court of equity without substantial reasons. An advisory jury is used 'only in extraordinary cases, to inform the conscience of the court.' Parsons v. Bedford, 3 Pet. [433], 446 [7 L.Ed. 732]. If it does not appear that the issues can better be tried with the aid of a jury than by the court without one, a jury will not be used. Richmond Cedar Works v. Pinnix, 208 F. 785 ([D.C.] E.D.N.C.,1913). An issue will not be directed to a jury where the facts can be satisfactorily ascertained by the court and the proof is clear. United States v. Samperyac, 27 Fed.Cas. [932], No. 16,-216a., Hempst. 118 (1831), affd. 7 Pet. 222, 8 L.Ed. 665. Nor will the court submit issues to a jury when they are numerous, difficult or complicated, and could not properly be passed upon by the jury without frequent instructions from the court on matters involving intricate questions of law. Parker v. Simpson, 180 Mass. 334, 62 N.E. 401 (1902)."

The Supreme Court of the United States has held the Act to be constitutional. United States v. F. W. Darby Lumber Co., et al., 61 S.Ct. 451, 85 L.Ed. ——; Opp Cotton Mills, Inc., et al. v. Administrator of Wage and Hour Division, etc., 61 S.Ct. 524, 85 L.Ed. ——. Numerous phases of administration put at issue in these two cases were also validated. Our previous opinion in this case, Jacobs v. Peavy-Wilson Lumber Co., D.C., 33 F.Supp. 206, shows a great number of administrative provisions to be considered, peculiar to the case, presenting mixed questions of fact and law, complex and highly involved, which indicate trial without jury.

Accordingly, we find no reason for a departure from the general equity procedure in injunction cases. It does not seem that the injunctive relief to be granted in this case would be of such a comprehensive character as to require the closing of the lumber manufacturing plant of the defendant.

We find, therefore, that the defendants are not entitled to a jury trial by right, and also that the court, exercising a sound judicial discretion, should have no advisory jury.

Accordingly, defendant's motion for a jury trial is denied.

---

[1] No opinion for publication.