**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**ROBERT E. BOB ADAIR, INC., and Robert E. Adair, Sr., Defendants.**

**No. 1007.**

United States District Court
W. D. Arkansas,
El Dorado Division.

Dec. 11, 1963.

---

9. Note 3, supra.

Floyd G. Ansley, Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Emon A. Mahony, of Mahony & Yocum, El Dorado, Ark., for defendants.

HENLEY, District Judge.

This is an action brought by the Secretary of Labor under the authority of section 17 of the Fair Labor Standards Act of 1938, as amended by the Act of May 5, 1961, Pub.L. 87–30, 75 Stat. 74, 29 U.S.C.A. (Cum.Supp.), § 217. The

Secretary contends that the defendants have been in violation of the overtime compensation provisions of the Act,[1] and that unless an injunction is issued the alleged violations will continue. In addition to seeking an injunction against future violations, the Secretary, as authorized by the 1961 amendment to section 17, also asks that the defendants be restrained from withholding payment of overtime compensation found by the Court to be due present and former employees of the defendants under the Act. The cause is now before the Court on the question of whether, in view of the Secretary's prayer that defendants be ordered in effect to pay out money alleged to be due individual employees or former employees, defendants are entitled to a jury trial. That question is presented by the Secretary's motion to strike the demand for such trial appearing in the defendants' answer. The motion has been submitted on memorandum briefs, as authorized by Local Rule 8 of this Court.

The complaint alleges in substance that the corporate defendant is an Arkansas corporation engaged in the business of maintaining and servicing oil wells; that the individual defendant, by virtue of his relationship to the corporation and its activities, is an employer within the meaning of the Act; that the defendants employ approximately 15 employees who are engaged in interstate commerce, and who are covered by the Act; that with respect to eight identified employees the defendants have failed during stated periods of time to pay overtime compensation required by the Act; and that the specified amounts of money are due said employees. The prayer of the complaint is that the defendants and their privies be enjoined permanently from violating the overtime compensation provisions of the Act and from withholding payment of the amounts of overtime compensation found by the Court to be due to the individual employees named in the complaint.

In their answer the defendants, in addition to demanding trial by jury, deny that plaintiff is entitled to relief on the merits.

While the Secretary has always had the authority under section 17 to maintain suits for injunctions to restrain threatened future violations of the Act, he was prohibited, at least during the period between the effective date of the 1949 amendments to the Act and the effective date of the 1961 amendments, from obtaining back pay awards in section 17 proceedings. However, the 1961 amendment to section 17 deleted the prohibition set forth in the 1949 amendment to that section, and provided expressly that the jurisdiction of the district courts to grant injunctions against violations of the Act should include the power to restrain the withholding of payment of minimum wages or overtime compensation found by the court to be due to employees covered by the Act.

In insisting upon trial by jury the defendants take the position that when the Secretary, as now authorized, seeks a back pay award in a section 17 proceeding, the action, at least to the extent that it seeks such an award, is an action at law brought for the benefit of the involved employees and that a trial by jury is demandable of right under the guarantee of jury trial set forth in the Seventh Amendment to the Constitution of the United States, particularly in view of the effect that a demand for a back pay award by the Secretary under section 17 has upon the rights of individual employees under the 1961 amendment to section 16.

[1]. Section 7 of the Act provides for overtime compensation for work in excess of 40 hours in any work week by any employee engaged in interstate commerce or in the production of goods for such commerce. Section 15(a) (2) of the Act provides that violations of the minimum wage and overtime compensation provisions of sections 6 and 7 shall constitute unlawful acts. Sections 16 and 17 provide for criminal and civil sanctions against violations of section 15.

The question presented is novel to this Court,[2] and, indeed, there seems to be only one reported case directly in point, namely, Wirtz v. Alapaha Yellow Pine Products, Inc., M.D., Ga., 217 F.Supp. 465, in which case it was held that there is no right of trial by jury in a section 17 case even where, as here, the Secretary asks that the employer be enjoined from withholding unpaid minimum wages or paid overtime compensation found to be due. For reasons to be stated the Court finds itself in agreement with the result reached in that case, and the Secretary's motion to strike defendants' demand for jury trial will be granted.

In order to get the question of defendants' right to a jury trial into proper focus, it is well to consider sections 16 and 17 together, and to consider the historical development of both sections.

When the Act was originally adopted in 1938,[3] section 16(b) provided that any employer who should violate the minimum wage or overtime compensation provisions of the Act should be liable to the employee or employees affected by such violation in the amount of their unpaid minimum wages or their unpaid overtime compensation, and in an additional equal amount as liquidated damages. It was provided that an action to recover unpaid minimum wages or unpaid overtime compensation, plus liquidated damages, might be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. It was further provided that such employee or employees might designate an agent or representative to maintain the action for and in behalf of all employees similarly situated. And finally it was provided

that in a section 16 action the court should in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Original section 17 of the Act conferred upon the federal district courts jurisdiction to restrain violations of section 15, which jurisdiction, of course, included jurisdiction to restrain violations of the minimum wage and overtime compensation provisions of the Act. Section 17 remained in its original form until it was amended in 1949.

Section 16(b) was amended rather drastically, but in a manner not here particularly pertinent, by the Portal to Portal Act of 1947,[4] and was again amended in a respect not relevant here in 1949.[5]

In litigation arising under the Act during the period between its original adoption and the effective date of the 1949 amendments questions arose as to the right of litigants to jury trials in proceedings brought under sections 16 and 17 and as to the extent of the district courts' power to enjoin violations of the Act in section 17 proceedings.

As far as right to trial by jury was concerned, it became settled that in section 16(b) cases wherein money judgments were sought the litigants were entitled to trial by jury upon timely demand. See Lewis v. Times Publishing Co., 5 Cir., 185 F.2d 457; Olearchick v. American Steel Foundries, W.D.Pa., 73 F.Supp. 273; 5 Moore's Federal Practice, 2d Ed., ¶38.27, p. 208. Also it became settled that in section 17 proceedings wherein prospectively operating injunctive relief only was sought there was no right to a jury trial. See Olearchick

2. While the 1961 amendments to sections 16 and 17 have been in force for more than two years, and while during that period the Court has entertained a number of injunction suits brought by the Secretary, this is the first time that the Secretary has invoked the Court's jurisdiction conferred by the 1961 amendment

to section 17 to order an award of back pay.

3. Act of June 25, 1938, 52 Stat. 1060 et seq.

4. Act of May 14, 1947, c. 52, § 5(a), 61 Stat. 87.

5. Act of October 26, 1949, c. 736, § 14, 63 Stat. 919.

v. American Steel Foundries, supra; Walling v. Richmond Screw Anchor Co., E.D.N.Y., 52 F.Supp. 670; Fleming v. Peavy-Wilson Lumber Co., W.D.La., 38 F.Supp. 1001; 5 Moore, op. cit., p. 209.[6]

During the pre-1949 amendment period one of the problems which arose under section 17 was whether the courts had jurisdiction to order an employer to make reparation for unpaid minimum wages or unpaid overtime compensation. The answer to that question was not clear. Some courts took the view that such jurisdiction did not exist; others held that it did. See McComb v. Frank Scerbo & Sons, 2 Cir., 177 F.2d 137, 139, aff'g. McComb v. Frank Scerbo & Sons, S.D.N.Y., 80 F.Supp. 457; Jacksonville Paper Co. v. McComb, 5 Cir., 167 F.2d 448, 450; Walling v. Crane, 5 Cir., 158 F.2d 80; cf. Walling v. O'Grady, 2 Cir., 146 F.2d 422. In McComb v. Jacksonville Paper Co., 336 U.S. 187, 193, 69 S.Ct. 497, 500, 93 L.Ed. 599, the Supreme Court laid the question "to one side." And the Court of Appeals for this Circuit in Walling v. Miller, 138 F.2d 629, in affirming a consent decree calling for payments of back wages assumed without deciding that apart from the consent of the employer the court had no authority to order reparations in a section 17 case. It is to be noted, however, that Judge Woodrough in a concurring opinion took the position that such authority did exist under the section as then written.

The right of a district court in a section 17 case to include an award of back pay in its injunction was upheld by the Court of Appeals for the Second Circuit in Scerbo, supra, which was decided on August 18, 1949. At that time amendments to the Act were being considered by the Congress; and on October 17, 1949, the Managers on the part of the House and Senate submitted a conference report recommending that section 17 be amended so as to reverse "such decisions as McComb v. Scerbo [(C.C.A.

2) 17 Labor Cases, No. 65,297], in which the court included a restitution order in an injunction decree granted under section 17." U. S. Code Congressional Service, 1949, p. 2273. The conference report in this respect was adopted, and from October 26, 1949, to the passage of the 1961 Act the district courts were, as indicated, expressly prohibited in section 17 cases from ordering employers to make reparation for unpaid minimum wages or unpaid overtime compensation. Depending on one's view of the law prior to the 1949 amendment, the power of the district courts to render back pay orders in section 17 cases was either expressly conferred or expressly restored by the 1961 amendment to that section.

That the action taken by a district court upon an application of the Secretary for an injunction requiring reparation by an employer to employees might have an effect on a subsequent suit brought by the employees under section 16 was recognized by the Court in the Scerbo case, and discussed in the opinion of the Court and in the concurring opinions of Chief Judge Learned Hand and of Circuit Judge Frank. The question of what effect such an injunction would have on a later section 16 suit was quickly put to rest by the 1949 amendment to section 17, but the certainty of its resurrection was recognized by Congress when it was considering the 1961 amendment to that section, and Congress proceeded to deal with the matter specifically by amending section 16 as well as section 17.

The Act of May 5, 1961, provides that the right of employees to sue their employer under section 16(b) "shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 17 * * * in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 6 or sec-

6. This principle was not changed by the 1949 amendment to section 17, nor for that matter by the 1961 amendment in cases where the Secretary does not seek a back pay award.

tion 7 * * * by an employer liable therefor under the provisions of this subsection."

■ Thus, as the law now stands, the Court has jurisdiction to order back pay in a section 17 proceeding. But, if the Secretary requests an injunction including such an order, the filing of the suit terminates the section 16(b) rights of employees, including their right to recover liquidated damages and attorneys' fees, and this seems to be true regardless of the outcome of the Secretary's suit.

■ With the foregoing in mind, the Court now turns to the problem at hand, namely, whether there is a right to trial by jury in a section 17 case in which the Secretary seeks a back pay order as well as an injunction against threatened future violations. The question obviously has two aspects: (1) Was a trial by jury in a case of this kind contemplated by Congress when it amended sections 16 and 17 in 1961? (2) If not, is a denial of trial by jury in such a case a violation of the Seventh Amendment to the Constitution?

The first aspect of the problem requires little discussion. When Congress passed the 1961 Act, it presumably knew that under existing law the right of trial by jury was recognized in section 16 cases and was not recognized in section 17 cases; it also knew the effect which a suit by the Secretary under amended section 17 would have on section 16 rights. Had Congress intended that all or some of the factual issues in a section 17 case should be tried to a jury if the Secretary sought a back pay order as part of the desired injunctive relief, Congress could easily have said so. There is no indication of such Congressional intent in the language of section 17 as it is now written; on the contrary, the section is couched in purely equitable terms. The courts are given jurisdiction to restrain violations of the Act, and the grant of jurisdiction to order back pay is couched in negative terms. The courts are not authorized to order payment of unpaid minimum wages or unpaid overtime compensation, but are authorized to restrain any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees. Nor is there anything in the legislative history of the 1961 amendments which indicates that Congress contemplated a jury trial in a section 17 case even where the Secretary asks for relief to the full extent permitted by the amendment. See U. S. Code Congressional & Administrative News, 1961, at pp. 1658–1659 and 1713–1714.

The Court concludes, therefore, that the statute itself confers no right of trial by jury in this case. There remains for consideration the question of whether defendants' demand for trial by jury is supported by the Constitution.

The Seventh Amendment provides that in suits at common law where the value in controversy shall exceed twenty dollars the right of trial by jury shall be preserved. Rule 38(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the right of trial by jury as declared by the Seventh Amendment shall be preserved to the parties inviolate. By virtue of Rule 2 there is now in the federal courts only one form of action, known as a civil action, and Rule 18(a) permits the joinder in one action of both legal and equitable claims.

■ In Dairy Queen, Inc. v. Wood, Judge, 369 U.S. 469, 82 S.Ct. 894, 8 L. Ed.2d 44, and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, the Supreme Court has made it clear that where a legal claim, right to jury trial of which is preserved by the Constitution, is joined with an equitable claim, with respect to which no right of jury trial exists, the right to trial by jury on the factual issues tendered by the legal claim must be preserved. And this is true even though the legal claim may be characterized as incidental or subordinate to the equitable claim, and even though the legal and equitable claims may have common factual issues.

■■ As pointed out by Professor Moore,[7] a section 16 suit by employees directly seeking money judgments may properly be considered a suit at common law so that the litigants are entitled to jury trial under the Constitution, whereas a suit under section 17 cannot be so characterized.[8] As the Court understands it, defendants' argument is that since the Secretary's prayer in the instant case has cut off defendants' employees right to sue under section 16, the suit in part is actually an action by the Secretary on behalf of the individual employees for a money judgment; that this claim is a legal claim, and that factual issues relevant to that claim, which issues would include questions of employment, coverage, exemption, hours worked, and wages paid, must be tried to a jury. The Court is not able to accept that argument.

■ Although the suit filed by the Secretary affects the rights of the employees mentioned in the complaint and although payments to them are sought, the action in the last analysis is not brought by the employees or for their personal benefit, except incidentally. The Secretary is suing for the benefit of the public and to vindicate a public right. The Secretary is seeking to secure future compliance with the law, which is in the public interest, and he is seeking by means of a negative order to compel the defendants to make reparations for alleged past violations of the law, which likewise is in the public interest. The relief sought is equitable and it is no less so because compliance with the decree which plaintiff seeks may require the defendants to pay out money. That the filing of the suit has affected, and that the outcome of the suit may further affect, the substantive rights of the employees does not convert the proceeding from a suit in equity to an action at law, and does not convert the prayer for a negative injunction requiring defendants to cease to withhold moneys allegedly due the employees into a legal claim for money damages.

The same problem that is presented here was before the Court of Appeals in the Scerbo case. Speaking of that phase of Scerbo, Moore says (5 Moore, op. cit., p. 209):

"When an action for injunction is brought by the administrator to restrain a violation of the Act by the employer there is no right to trial by jury since the relief sought is equitable. And it was held (in Scerbo) that in the administrator's suit for an injunction the court had the power to order the employer to pay to the employees their back pay \* \* and that the granting of such a reparation order or restitution did not violate any right to jury trial. This could be justified upon the theory that restitution was itself an equitable remedy, or could be treated as incidental to the equitable relief of injunction and completing the relief to which the administrator as the representative of the public was entitled. \* \* \*"

Other support may be found in the cases cited by Judge Bootle in Wirtz v. Alapaha Yellow Pine Products, Inc., supra, and decided under statutes which are somewhat analogous to section 17 of the Fair Labor Standards Act.

■ The defendants are not required to acquiesce in the Court's determination that the motion to strike must be sustained; nor are they required to await a decision of the case on the merits before seeking review of the order which the Court is about to enter. Review at this stage by way of a petition for a writ of mandamus addressed to the Court of Appeals is available, and should that petition be denied by that Court defendants may seek review in the Supreme Court of the United States. Dairy Queen, Inc. v. Wood and Lewis v. Times Publishing Co., both supra.

---

7. 5 Moore, op. cit., pp. 208–209.

8. Moore's discussion of the problem antedates the 1961 amendment.