W. **Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**L. A. SWANN OIL COMPANY, a corporation, Swann Oil Company of Allentown, a corporation, and Leonard Swann, an individual, Defendants.**

**Civ. A. No. 68-1880.**

United States District Court
E. D. Pennsylvania.

Nov. 22, 1968.

Charles Donahue, Louis Weiner, Daniel W. Teehan, U. S. Department of Labor, Philadelphia, Pa., for plaintiff.

Donald M. Tucker, Rawle & Henderson, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

WOOD, District Judge.

In this action, the Secretary of Labor seeks pursuant to 29 U.S.C. § 217 to permanently enjoin the defendants from violating Sections 15(a) (2) and 15(a) (5) of The Fair Labor Standards Act of 1938 (as amended, 29 U.S.C. § 201 et seq.), and to further restrain the withholding of overtime payments allegedly due employees of the defendants. Before us is the Government's motion to

strike the defendants' demand for a jury trial. We have decided to grant the motion.

Sections 15(a) (2) and 15(a) (5) of The Fair Labor Standards Act declare it unlawful to violate the wages and hours provisions of the Act, or to fail to comply with reporting provisions of the Act. Violators of these sections may be held civilly liable in a suit pursuant to Section 16(b) by the employee for back wages or in an enforcement action by the Secretary of Labor under Section 17.

■ As far as we can determine, the authorities are virtually unanimous in holding that, if such an enforcement action is brought under Section 17, the defendant has no right to a jury trial. The Government has cited to us more than twenty reported and unreported cases granting the Government's motion to strike, in addition to the decisions of the Fifth Circuit in Wirtz v. Jones, 5 Cir., 340 F.2d 901 (1965) and Sullivan v. Wirtz, 359 F.2d 426 (1966), cert. den. 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966). See also, 5 Moore's Federal Practice 38.27 nn. 9–11; and Document 10 in this case. The single authority cited to us holding to the contrary, Wirtz v. Thompson Packers, Inc., 224 F. Supp. 960 (E.D.La., 1963), has in effect been overruled by subsequent decisions of the Fifth Circuit in *Sullivan* and *Jones*.

In seeking to upset this impressive cumulation of authority, the defendant advances three arguments: First, if the employees of the defendant had sued under Section 16(b) for overtime wages allegedly withheld, the employer would have the right to a jury trial on factual issues, Olearchick v. American Steel Foundries, 73 F.Supp. 273 (W.D.Pa. 1947), and to allow a jury trial if the employees sue under Section 16(b), but not if the Government sues under Section 17 is asymmetrical and unfair to the employer. Secondly, the defendant argues that there is a blending of legal and equitable issues in this action and thus there is a constitutional right to trial by jury on the legal issues under the Seventh Amendment. Beacon Theatres Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Thirdly, defendant contends that had Congress in enacting The Fair Labor Standards Act intended to deny employers a jury trial on factual issues, it would have said so explicitly.

This issue has apparently never been before our Court, and it is one of first impression insofar as we are concerned in our district.

■ We think that defendants' contentions have been examined and persuasively answered in previous opinions [1] on this point and will therefore not discuss them at length. The history and purpose of The Fair Labor Standards Act and of Section 17 indicate that Section 17 as amended in 1961 was enacted as a measure to ensure effective enforcement of the public policy in the Act. Congress was dismayed at the paucity of suits brought by employees under Section 16(b), and fashioned Section 17 to grant the courts full equity powers in enforcement actions brought by the Government. Section 17 is couched in traditional equity terms. The purpose of the injunction to be issued is not merely to collect a debt owed the employee, but to correct a continuing offense against the public interest.

We think that further discussion of this question would only be repetitious of prior opinions with which we are in accord.

### ORDER

And now, this 22nd day of November, 1968, it is ordered that plaintiff's motion to strike defendants' demand for jury trial is granted.

---

1. See especially the well-reasoned opinion of Judge Anderson in Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Wirtz v. Alapaha Yellow Pine Products, Inc., 217 F.Supp. 465 (M.D.Ga.1963).