**James D. HODGSON, Secretary of Labor**

**v.**

**AMERICAN CAN COMPANY.**

**Civ. A. No. 70–3343.**

United States District Court,
E. D. Pennsylvania.

May 6, 1971.

Peter G. Nash, Sol. of Labor, Louis Weiner, Regional Sol., Kenneth L. Stein, and Michael D. Shapiro, Attys., Dept. of Labor, for plaintiff.

George E. Lieberman, Philadelphia, Pa., with him on the brief, William J. Taylor, and Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## OPINION

JOHN W. LORD, Jr., Chief Judge.

The Court is presently called upon to determine as a preliminary matter whether defendant, American Can Company, charged with alleged violations of Sections 15(a) (1) and 15(a) (2) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., is entitled to a jury trial in plaintiff's action to enjoin it from continuing to perpetuate such violations. We find that it is not.

Defendant relies almost entirely, as it must, upon the Constitutional guarantees of a jury trial in a criminal case contained in Article III, and the Seventh Amendment right to a jury trial in suits at common law.

Historically it has been recognized that there are cases in which the jury trial may be denied. Hamilton's assertion that the allocation of factfinding functions between judge and jury was subject to Congressional determination [1] supports the refusal to interpret Article III as freezing the procedure the courts must follow in exercising their law and equity powers, a refusal given great support by numerous cases later decided, see *infra*.

With regard to the Seventh Amendment guaranty of jury trials, the historical position was expressed by Mister Justice Story in Parsons v. Bedford, et al., 3 Pet. 433, 446; 28 U.S. 433, 446, 7 L.Ed. 732 (1830), where, after first analyzing Article III and the Seventh Amendment, he noted, "[T]he phrase 'common law', found in this clause, is used in contra distinction to equity * * *. [I]t is well known that in civil causes, in courts of equity * * * juries do not intervene * * *."

Defendant makes much of the fact that the right to a jury trial is "one of

1. The Federalist No. 83 (Hamilton).

the very few rights [the founding fathers] referred to twice in the Constitution." Defendant's memorandum of law, page 1.

The better view, however, seems to be that after the original Constitution had been ratified, those concerned with jury trial felt. impelled to submit a separate amendment protecting the right to trial by jury, indicating that Article III, Section 2 was not concerned with the kind of procedure to be followed in the federal courts.[2]

As originally enacted in 1938, Section 17 of the Act (under which the Secretary seeks to restrain the alleged violations) provided that, "The district courts * * * shall have jurisdiction, for cause shown, to restrain violations of section 15." This was considered a granting of equitable jurisdiction, entitling an equity court to grant full relief. See, McComb v. Frank Scerbo & Sons, 177 F.2d 137, 138–139 (2nd Cir. 1949).

This decision prompted Congress to take away certain equity powers of the courts, and it amended Section 17 to provide that no court would have the power to restrain violations of this nature (here, violations of minimum wage standards).

Employees were thus left with the responsibility of acting as little attorneys general on their own behalf, a condition which left such actions open to pressure from sources such as employers. The 1949 amendment was repealed in 1961, in part because, as was noted by a Senate report on the question, "Very few of these suits have been brought by employees * * * and of the few that have been brought most are initiated by individuals no longer in the employ of the defendant employer." U.S.Code Cong. & Ad.News, 87th Congress, First Session 1961, Vol. 2 at p. 1658.

Congress, therefore, specifically restored the full equity powers of the courts by the 1961 changes. Nothing that we have, found in the legislative history of the Act or any of the cases which have followed from it have indicated an intent to provide for trial by jury. Had such an intent been present, Congress could have included it at no difficulty to itself. The language, however, indicates a very strong contrary intent. The 1961 amendment speaks of "restraining" a continuing wrong. Restraining is, historically, an equitable term.[3]

We have read numerous cases, all but one of which supports the Secretary's position that a jury trial may be properly denied in an action of this type. Among the many persuasive cases cited by the Government in its brief are Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Wirtz v. L. A. Swann Oil Company, 293 F.Supp. 211 (E.D.Pa.1968); Wirtz v. Riccio, 264 F.Supp. 134 (M.D. Pa.1967); Wirtz v. Turner d/b/a Ace Generator and Starter Exchange, 227 F. Supp. 395 (N.D.Ga.1963); Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750 (W.D.Ark.1963). See also 5 Moore's Federal Practice 38.27, at 209, and cases cited in note 7 (2d ed. 1969).

The one case not in agreement is Wirtz v. Thompson Packers, Inc., 224 F. Supp. 960 (E.D.La.1963), a Fifth Circuit case, which has been effectively overruled by Sullivan v. Wirtz, 359 F.2d 426 (5th Cir.), certiorari denied, 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); and Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965).

---

2. The Seventh Amendment also limits the power to review jury verdicts, a provision resulting from concern over the Article III, Section 2 grant of appellate power, both as to fact and law, to the Supreme Court, which had caused considerable opposition in the ratification debates. See Warren, The Making Of The Constitution, 542–544 (2d ed. 1937).

3. A survey of some of the criteria used to determine the existence of an equitable, rather than a legal, action is found in James, Right To A Jury Trial In Civil Actions, 72 Yale Law Journal 655 (1963).

██ The defendant places great reliance on United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941), where the Supreme Court said that one who violates the provisions of the Act "is warned that he may be subject to the criminal penalties of the Act." *Id.* at 126, 61 S.Ct. at 463. However, Section 17 actions are remedial, not punitive, meant to prevent future violations, not punish past ones. Buckley v. Wirtz, 326 F.2d 838 (10th Cir. 1964). This is a civil action, entirely lacking the formal procedures needed for a criminal action. See, Hartford-Empire Co. v. United States, 323 U.S. 386, 65 S. Ct. 373, 89 L.Ed. 322 (1945).

██ It is true that jury actions may be brought under Section 16 of the Act. However, when the Secretary of Labor brings an action under Section 17 for an injunction to restrain conduct allegedly in violation of the Act, he is invoking a statutory remedy not available at common law, and hence one not triable as of right before a jury. Employees, for example, may bring Section 16 actions triable before a jury, but when the Secretary of Labor brings a restraining action under Section 17, primarily an equitable action, the legal one brought by the employees is preempted. Unlike the private employee seeking redress of a private wrong, the Secretary represents the sovereignty of the United States in protecting the public interest by enjoining violations of the Act. See, e. g., Wirtz v. Jones, *supra*; and Wirtz v. Wheaton Glass Co., 253 F.Supp. 93 (D.N.J.1966).

Finally, defendant contends that under United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457 (1950), statutes are to be construed as a whole. In *Alpers* the Supreme Court was asked to consider whether the phrase "other matter of indecent character" included phonograph records, which were not specifically mentioned in the statute. The Court, in interpreting the rule of *ejusdem generis,* held it to be only "an instrumentality for ascertaining the correct meaning of words when there is un-

certainty." *Id.* at 683, 70 S.Ct. at 354, citing Gooch v. United States, 297 U.S. 124, 128 (1936). The Court stated that the rule was to be "resorted to not to obscure and defeat the intent and purpose of Congress, but to elucidate its words and effectuate its intent." Alpers, *supra,* 338 U.S. at 682, 70 S.Ct. at 354.

Clearly, then, to fly in the face of literally dozens of cases which have held a jury trial not as of right here, simply in order to claim that we have followed the rule of *ejusdem generis* and read the statute as a whole, would be to contradict the express desire of the Supreme Court in the very case cited by defendant.

### ORDER

And now, to wit, this 6th day of May, A.D. 1971, it is ordered that plaintiff's motion to strike defendant's demand for a jury trial be and the same is hereby granted.

And it is so ordered.