**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Buck HILL, Defendant.**

**Civ. No. 1215.**

United States District Court, E. D. North Carolina, Wilson Division.

July 12, 1971.

Beverly R. Warrell, Regional Solicitor, U. S. Department of Labor, Atlanta, Ga., for plaintiff.

Douglas P. Connor, Connor & Vickory, Mount Olive, N. C., for defendant.

## SUPPLEMENTAL OPINION

DUPREE, District Judge.

The Secretary of Labor instituted this action against the defendant seeking, *inter alia,* an injunction under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217, enjoining and restraining the withholding of payment of minimum wage compensation found to be due defendant's employees. Defendant answered the Secretary's complaint and made a demand for a jury trial. The Secretary promptly filed, on April 6, 1971, a motion to strike defendant's demand for a jury trial together with a memorandum of authorities in support of his motion. This court being of the opinion that the Secretary's motion should be allowed on the basis of Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965), and the defendant having failed to respond to the Secretary's motion within twenty days as provided by the local rules, Gen. Rule 4F, U.S.Dist.Ct., E.D.N.C., entered an order on April 28, 1971, striking the defendant's demand for a jury trial. On April 30, 1971, defendant submitted his response to the Secretary's motion to strike the defendant's demand for a jury trial.

In his response to the Secretary's motion the defendant stated that he did not resist the claim for injunctive relief and that he would stipulate to entry of the injunctive relief sought. Defendant further stated that by stipulating and agreeing to the entry of this injunctive relief the equitable nature of the action was terminated. Thus, defendant contends that since he has stipulated and

agreed to all of the equitable relief sought this case is removed from the principle of Jones, supra, and he is now entitled to a jury trial on the disputed facts. Each party submitted a further memorandum in support of his position with the Secretary contending that despite defendant's stipulations the action retained its equitable nature.

Notwithstanding defendant's stipulations and concessions, the court is of the opinion that its original order entered April 28, 1971, striking defendant's demand for a jury trial is correct, and that it should stand as the final decision of this court on the matter of a right to a jury trial for the following reasons:

1. In Wirtz v. Jones, supra, the Fifth Circuit Court of Appeals held that a defendant is not entitled to a jury trial in a suit brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act to restrain the withholding of wages due. The Fifth Circuit traced the history and purposes of Section 17 of the Act, and concluded that Congress made no provision for the jury trial of any factual issues connected with such a suit. The court further concluded that Congress' failure to provide for a jury trial did not violate the Seventh Amendment to the Constitution of the United States.

2. Moreover, the court in Wirtz v. Jones, supra, stated that the injunctive relief of Section 17 was a means used by Congress to effect general compliance with the provisions of the Fair Labor Standards Act.

"[T]he purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." 340 F.2d 904

"The order to pay withheld, but earned, remuneration is to redress a wrong being done to the public good." 340 F.2d 905

It follows that regardless of defendant's concessions here the relief sought by the Secretary is still equitable in nature. Accordingly, there is no right in the defendant to a jury trial here.

3. Furthermore, Wirtz v. Jones, supra, was cited by the Fourth Circuit Court of Appeals in Clifton D. Mayhew, Inc. v. Wirtz, 413 F.2d 658 (4th Cir. 1969), for the principle that a suit brought by the Secretary for an injunction under Section 17 of the Fair Labor Standards Act is essentially equitable in nature. Thus, although this court is unable to locate a direct pronouncement on this issue by the Fourth Circuit, apparently the *Jones* decision is to be followed.

4. Finally, the Fourth Circuit Court of Appeals recently reaffirmed the equitable nature of a back pay award in a similar context. In Robinson v. Lorillard Corporation, 444 F.2d 791 (4th Cir., July 1, 1971), an employment discrimination suit brought under Title VII of the Civil Rights Act of 1964, the court stated and quoted from another Fifth Circuit opinion as follows:

"The back pay award is not punitive in nature, but equitable—intended to restore the recipients to their rightful economic status absent the effects of the unlawful discrimination. It is for precisely this reason that the Fifth Circuit has held it unnecessary to impanel a jury to assess back pay:

"The demand for back pay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury."

"Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969)." At p. 802.

This court is of the opinion that the same considerations apply to the prayer for back wages in the instant case.

Therefore, the order of this court entered on April 28, 1971, striking the defendant's demand for a jury trial stands as the final decision of this court on the issue of a trial by a jury.