James D. **HODGSON**, Secretary of Labor, United States Department of Labor

v.

**STEWART IN–FRA–RED COMMISSARY, INC.** and James E. **McCambridge, Individually and as an Officer of Stewart In–Fra–Red Commissary, Inc.**

Civ. A. No. 73–16.

United States District Court, E. D. Pennsylvania.

May 9, 1973.

Louis Weiner, Regional Sol., U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Francis E. Marshall, Philadelphia, Pa., James C. Lanshe, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The Secretary of Labor filed this action pursuant to 29 U.S.C. § 217, seeking (1) to permanently enjoin defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5) of The Fair Labor Standards Act of 1938 (as amended 29 U.S.C. § 201 et seq.) and (2) such further relief as appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due to employees under the Act. Defendants filed a timely demand for a jury trial and before the Court is plaintiff's motion to strike defendants' request for a jury trial.

Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act declare it unlawful to violate the wages and hours provisions of the Act, or to fail to comply with reporting provisions of the Act. Violators of these sections may be held civilly liable in a suit pursuant to Section 16(b) by an employee for back wages or in an enforcement action by the Secretary of Labor under Section 17.

The Courts have been virtually unanimous in concluding that a defendant in an action arising under Section 17 of the Fair Labor Standards Act is not entitled to a trial by jury. *See e. g.* Sullivan v. Wirtz, 359 F.2d 426 (5th Cir.) cert. denied 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Hodgson v. American Can Co., 328 F.Supp. 261 (E. D.Pa.1971); Hodgson v. Hill, 53 F.R.D. 265 (E.D.N.C.1971); Wirtz v. L. A. Swann Oil Co., 293 F.Supp. 211 (E.D Pa.1968); Wirtz v. Riccio, 264 F.Supp. 134 (N.D.Pa.1967); Wirtz v. Wheaton Glass Co., 253 F.Supp. 93 (D.N.J.1966); Wirtz v. Robert E. Bob Adair Co., 224 F.Supp. 750 (W.D.Ark.1963); Wirtz v. Alapaha Yellow Pine Products, Inc., 217 F.Supp. 465 (D.Ga.1963). *See also* cases cited in 5 Moore, Federal Practice ¶ 38.27, note 12 [1]. The courts have found that neither the Seventh Amendment nor Section 17 itself require a trial by jury in cases brought pursuant to Section 17 of the Fair Labor Standards Act [the Act].

Under the Seventh Amendment, "in Suits at common law", the right of trial by jury shall be preserved. It is well established that no jury trial is required where an action is in equity

[1]. But see Wirtz v. Thompson Packers, Inc., 224 F.Supp. 960 (E.D.La.1963). This case, however, has in effect been overruled by the subsequent decisions of the Fifth Circuit in *Sullivan* and *Jones, supra.*

or where, as here, the action is brought pursuant to statute, where no analogous common law right or remedy previously existed. Defendants, here, concede that if this action sought an injunction, restraining violations of the Act alone, they would have no right to a trial by jury. Defendants, however, argue that since the Secretary seeks the restraint of any withholding of payment of overtime compensation, in addition to an injunction against violations of the Act, this action involves a blending of legal and equitable issues, requiring a trial by jury. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theaters v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). This argument was raised and rejected in Wirtz v. Jones, *supra*, where the Fifth Circuit concluded:

> "* * * [T]he purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." 340 F.2d at 904.

In equity, a court may act in the public interest to restore the status quo by ordering the return of that which rightfully belongs to the employee. *See e. g.* Porter v. Warner Holding Co., 328 U.S. 395, 402, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946). Thus, this action remains an equitable action, notwithstanding the fact that the Secretary seeks the restraint of any overtime compensation withheld by the employer and defendants' Seventh Amendment argument, therefore, is without merit.

Defendants also argue Sections 16(b) and 17 of the Act should be read togeth-

er and that since a defendant has a right to a trial by jury in employees' actions under Section 16(b), it follows that they likewise have a similar right in actions under Section 17. In employees' actions under Section 16, the courts have held that a defendant is entitled to a jury trial as a matter of right on the ground that such an action must be analogized to a common-law action of debt or an action in assumpsit. Olearchick v. American Steel Foundries, 73 F.Supp. 273 (W.D.Pa.1947); 5' Moore, Federal Practice, ¶ 38.27. Again this argument was raised and rejected in Wirtz v. Jones, *supra*, where the Court, quoting Wirtz v. Robert E. Bob Adair, Inc., *supra*, concluded:

> "When Congress passed the 1961 Act, it presumably knew that under existing law the right of trial by jury was recognized in Section 16 cases and was not recognized in Section 17 cases; it also knew the effect which a suit by the Secretary under the amended Section 17 would have on Section 16 rights. Had Congress intended that all or some of the factual issues in a Section 17 case should be tried to a jury if the Secretary sought a back pay order as a part of the desired injunctive relief, Congress could easily have said so."

Again, a Section 17 action, seeking restraint of any overtime compensation withheld by the employer, is an action in the public interest and is not susceptible to the assumpsit analogy employed in Section 16 actions by employees.

Finally, neither the wording, nor the legislative history of Section 17 or its amendments [2] mandate the conclusion urged upon us by defendants. In Wirtz

2. In 1938, Congress enacted the FLSA, whereby under Section 17 the Government was granted the power to seek an injunction to restrain violations of Section 15 of the Act. In McComb v. Frank Scerbo & Sons, 177 F.2d 137 (2d Cir. 1949), the Second Circuit held that in a Section 17 action for an injunction, the Court had the power to order the employer to pay to the employees their back pay consisting of unpaid minimum wages or unpaid overtime compensation. As a response to this decision, Congress in 1949 amended the Act to forbid an order of reparation in an action by the Secretary for an injunction. In 1961, Congress concluded that the "enforcement provisions of the Act were not operating satisfactorily to protect the public interest. Wirtz v. Jones, *supra*, 340 F.2d at 903. Thus, Section 17 was amended to give the courts jurisdiction for the "restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees."

v. Jones, *supra*, the Fifth Circuit concluded:

"There is nothing in the wording of § 17, as amended in 1961, or in the legislative history of § 17, or any of its amendments, to suggest that Congress intended to provide for the trial of factual issues arising under it by a jury. Had it so intended it could easily have said so. Actually the language used strongly implies a contrary intent. The 1961 amendment is couched in traditional equitable terms of 'restraining' a continuing wrong. The district courts are given 'jurisdiction * * * to restrain violations * * * including * * * the restraint of any withholding * * *.' The equitable action authorized in relation to withholding is simply emphasized as a part of the jurisdiction to restrain violations generally. Absent any statutory provision for jury trial, as is clearly the case here, the defendants have no right to demand it." 340 F.2d at 903–904.

Therefore, by the overwhelming weight of authority, a defendant has no right to a jury trial in Section 17 actions and, accordingly, plaintiff's motion to strike defendants' request for a jury trial will be granted.