**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**NATIONAL BANK OF COMMERCE, Defendant.**

**Civ. A. No. 78–3001–H.**

United States District Court, S. D. West Virginia, Huntington Division.

Feb. 27, 1979.

Robert B. King, U. S. Atty., James S. Arnold, Asst. U. S. Atty., Charleston, W. Va., Carin Ann Clauss, Sol. of Labor, Marshall H. Harris, Regional Sol., Karen Kress Weisbord, Philadelphia, Pa., for plaintiff.

W. Graham Smith, Jr., Williamson, W. Va., for defendant.

MEMORANDUM ORDER

HADEN, District Judge.

The Secretary of Labor instituted this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* Pursuant to § 17 of the Act, 29 U.S.C. § 217, the Secretary seeks a permanent injunction to restrain Defendant from violating the provisions of Sections 6(d) and

15(a)(2) of the Act, including the demand for affirmative relief which would direct the withholding of all minimum wage compensation due to present or former employees who were not paid in accordance with the equal pay provisions of the Act. Defendant answered the complaint denying that it had violated any provisions of the Act and demanding a jury trial.

Presently pending before the Court is a motion by Plaintiff to strike the jury trial demand and to assign this case to the non-jury calendar. In support of his motion, Plaintiff contends that the Act makes no provision for trial by jury in actions commenced pursuant to 29 U.S.C. § 217, and because the action is purely equitable in nature, neither the Seventh Amendment nor any federal jurisdictional statute grants Defendant the right to a trial by jury.

The issue thus before the Court is whether a defendant in an action brought pursuant to 29 U.S.C. § 217 is entitled to a trial by jury. This question has been litigated on several occasions since the section was amended by Congress in 1961, and, consistently, the courts have held that a defendant in an action arising under 29 U.S.C. § 217 is not entitled to a jury trial. *Sullivan v. Wirtz*, 359 F.2d 426 (5th Cir. 1966), *cert. denied* 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965); *Hodgson v. Hill*, 53 F.R.D. 265 (E.D.N.C.1971); *Hodgson v. Stewart In-Fra-Red Commissary, Inc.*, 370 F.Supp. 503 (E.D.Pa.1973); *Hodgson v. American Can Co.*, 328 F.Supp. 261 (E.D.Pa.1971); *Wirtz v. Wheaton Glass Co.*, 253 F.Supp. 93 (D.N.J.1966); *Wirtz v. Robert E. Bob Adair Co.*, 224 F.Supp. 750 (W.D.Ark.1963). Those decisions also have found that the primary aim of 29 U.S.C. § 217 is to provide injunctive relief to protect the public interest and, accordingly, actions commenced under the section are equitable in nature.

This Court is persuaded further by the strong implications of the Supreme Court in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). In a case involving the right to trial by jury in an action brought for lost wages under the Age Dis-

crimination in Employment Act of 1967, the Court noted that no right to a jury trial has been recognized in actions brought pursuant to 29 U.S.C. § 217. *Id.*, 434 U.S. at 580 n. 7, 98 S.Ct. 866.

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion to strike be, and the same is hereby GRANTED.