W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**WHEATON GLASS CO.**, a New Jersey corporation, Defendant.

Civ. No. 53–66.

United States District Court
D. New Jersey.
April 26, 1966.

**94**

John A. Hughes, Regional Atty., Charles Donahue, Sol., Francis V. La-Ruffa, Supervising Atty., and Mary E. Cerbone, New York City, for plaintiff United States Department of Labor.

Joseph B. Kauffman, Atlantic City, N. J., and Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., by Harold E. Kohn and Bruce W. Kauffman, Philadelphia, Pa., of counsel, for defendant.

COHEN, District Judge:

The sole issue presented here is whether defendant is entitled to a jury trial.

Examination of the pleadings discloses that the complaint was filed by the United States Secretary of Labor, under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., seeking a permanent injunction against defendant Wheaton Glass Co., a New Jersey corporation, restraining it from violating the Act by reason of its alleged discrimination against female employees, in withholding payment of wages due them, in their performance of work of the same character as that performed by male employees. The complaint, under the Act, is couched in terms appropriate to a prayer in equity.

In its answer defendant denies that it violated the Act, or that it engages in the conduct alleged against it in violation of the provisions of section 15(a)(1) and (2). With its answer, it served a timely demand for a trial by jury, which the plaintiff presently moves to strike.

Plaintiff contends that the authority to bring this action was conferred upon him by 29 U.S.C. § 217, as amended in 1961, and that such proceeding is by its nature an equitable one not requiring a jury, nor is provision made in the statute for trial by jury.[1] Further, that while the Seventh Amendment to the United States Constitution preserves the right to trial by jury, as at Common Law, the present case is not one cognizable at Common Law, hence Congress' failure to provide for trial by jury was not unconstitutional.

Defendant counters and presses for a jury trial, asserting that the phrasing of the complaint in terms of equitable relief does not change the real character of the judgment sought, it being in reality

[1]. Section 17 of the Fair Labor Standards Act, "Injunction proceedings," (29 U.S.C. § 217) as amended in 1961, provides in pertinent part: "The district courts, * * * shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter * * *."

a suit for a money judgment. This being so, both legal and factual issues are involved which entitle it to a jury trial.

The precise issue is not without some difficulty. A first impression comes easily. If the proceeding is in fact an action in debt, as in assumpsit, for money damages representing employee-wages improperly withheld in violation of the Fair Labor Standards Act, supra, then legal issues would be presented as traditionally warranted trial by jury at common law. Such is the proposition advanced by defendant, relying upon Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5 Cir. 1961), and Olearchick v. American Steel Foundries, 73 F.Supp. 273 (D.C.W.D.Pa.1947), among others.

It is true that employees may bring jury actions under Section 16 of the Act for wages. However, when the Secretary of Labor brings an action under Section 17 for an injunction to restrain certain conduct allegedly in violation of the Act, he is invoking a statutory remedy nonexistent at common law and hence not triable as of right before a jury. Therefore, such action is not within the purview of the Seventh Amendment. In the one instance, the employee suing under Section 16 is pursuing a private remedy in an action at law as provided by the Act. But, when the Secretary of Labor brings an action under Section 17 for restraint, primarily equitable in nature, the legal action by the individual is preempted. That the employee may ultimately reap the reward by the incidental receipt of wages wrongfully withheld does not convert the equitable nature of the action into a legal one triable as of right by jury. Unlike the employee who seeks enforcement of a private right, the Secretary represents the sovereignty of the United States in protection of the public interest by enjoining violations of the Act. Wirtz v. Jones, 340 F.2d 901 (5 Cir. 1965).

While the Federal Rules of Civil Procedure provide for the merger of claims formerly recognized either in law or equity, the right to a trial by jury was neither enlarged nor diminished thereby.[2] If it existed, it is preserved by the Seventh Amendment, if it did not, then it must be specifically conferred by statute. The Fair Labor Standards Act makes no provision for trial by jury where the action is brought by the Secretary of Labor to enjoin violations and in addition thereto, to restrain employers from unlawfully withholding wages in violation of the Act. Wirtz v. Jones, supra.

The *Dairy Queen* case cited by defendant is readily distinguishable. There, a private corporation sought equitable relief, but also sought a money judgment for breach of contract. The Supreme Court pointed out that the guise of the action did not control on the question of demand for trial by jury; rather that there, one of the central actions was for a money judgment in debt, warranting a jury trial on the legal issues, although other relief which was equitable in nature, was sought. In the *Beacon Theatres* case, jury trial was provided under the Sherman Anti-Trust Act, but anticipating suit for treble damages, a Declaratory Judgment action was brought. The Supreme Court held that the trial court could not try both legal and equitable issues without a jury, where properly demanded. *Thermo-Stitch* and *Olearchick*, supra, are to like effect. The case of Damsky v. Zavatt, 289 F.2d 46 (2 Cir. 1961), cited by defendant, is inapposite. In that case, the demands for jury trial by the defendants, husband and wife, were stricken by the trial court. The Appellate Court reversed in part, holding that the Government's suit against the husband for taxes, penalties and interest for which he was solely

2. Ettelson v. Metropolitan Life Insur. Co., 137 F.2d 62, 65 (3 Cir. 1943), cert. den. 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467 (1943); Fitzpatrick v. Sun Life Assurance Co., 1 F.R.D. 713, 715 (D.C.N.J. 1941).

liable was a suit in debt, as at common law, and within the Seventh Amendment affording him a jury trial as of right; but that the suit against the wife to set aside an alleged fraudulent conveyance of her realty, in order to impress liens and ultimately effect judicial sale to satisfy such liens, was equitable in nature, hence no trial by jury as of right under the Seventh Amendment. In *Damsky*, it was pointed out that historically an action in debt lay in England for the collection of taxes, carrying with it the right to a jury trial wholly aside from any subsequent statute in this country. The fact that the United States was a party, as distinguished from a debt action between private citizens, was considered of no moment. However, unlike *Damsky*, the instant case is not one in debt, nor is there a blending of both legal and equitable issues such as might invoke the rule of *Dairy Queen*, stating i. e. that the presence of equitable issues could not foreclose jury trial where properly demanded on legal issues.

The case most persuasive as being dispositive of the present issue is Wirtz v. Jones, already cited, an opinion of the Fifth Circuit by Judge Anderson, temporarily assigned from the Second Circuit. There, the pertinent legislation and cases construing it on the same issue of jury trial are carefully analyzed. The language at page 904 of 340 F.2d is particularly appropriate here, and seems to go to the heart of the matter:

> "In the instant case, however, the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest."

The contention of defendant that the Secretary of Labor is seeking, in effect, a money judgment entitling it to a jury trial is best refuted by the language of the Supreme Court in National Labor Relations Board v. Jones & Laughlin (1937), 301 U.S. 1, at pages 48–49, 57 S.Ct. 615, at page 629, 81 L.Ed. 893:

> "Respondent complains that the Board not only ordered reinstatement but directed the payment of wages for the time lost by the discharge, less amounts earned by the employee during that period. * * * It is argued that the requirement is equivalent to a money judgment and hence contravenes the Seventh Amendment with respect to trial by jury. The Seventh Amendment provides that 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' The Amendment thus preserves the right which existed under the common law when the amendment was adopted. (citing authority) Thus it has no application to cases where recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law. (citing authority) It does not apply where the proceeding is not in the nature of a suit at common law. (citing authority)

> "The instant case is not a suit at common law or in the nature of a such a suit. The proceeding is one unknown to the common law. It is a statutory proceeding. Reinstatement of the employee and payment for time lost are requirements imposed for violation of the statute and are remedies appropriate to its enforcement. The contention under the Seventh Amendment is without merit." (Parentheses supplied)

This language is unequivocal and is manifestly binding on this Court. Congress entrusted to the Secretary of Labor the protection of such public interest, not the enforcement of private rights in debt. In the administration and enforcement of the Act by the Secretary, Congress did not provide in the statute for the charged party to have a right to trial by jury, nor did such right exist at Common Law. Therefore, there is no absolute right to a trial by jury in the instant case. The demand for a jury trial must be denied and the motion of plaintiff granted.

Counsel shall submit an appropriate order.