W. Willard WIRTZ, Secretary of Labor, United States Department of Labor

v.

Alfred J. RICCIO, Individually and doing business as York Industrial Tool and Engineering.

Civ. A. No. 9608.

United States District Court
M. D. Pennsylvania.
Jan. 25, 1967.

Charles Donahue, Sol., Louis Weiner, Regional Atty., James G. Johnston, Atty., U. S. Department of Labor, Chambersburg, Pa., for plaintiff.

Markowitz, Kagen & Griffith, York, Pa., for defendant.

MEMORANDUM

FOLLMER, District Judge.

The sole issue here presented is whether defendant is entitled to a jury trial.

The pleadings disclose that the Complaint was filed September 22, 1966, by the United States Secretary of Labor under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., seeking a permanent injunction against defendant, Alfred J. Riccio, individually and doing business as York Industrial Tool and Engineering, restraining him from violating the Act by employing certain employees for workweeks longer than as prescribed by the Act, without compensating said employees for such excess time employed at a rate not less than one and one-half times the regular rates at which they were employed.

The Complaint under the Act reads in terms appropriate to a prayer in equity. In his Answer, defendant denies that he violated the Act or that his conduct was in violation of the provisions of Section 15(a)(2) and (5). Defendant served a timely demand for a trial by jury which plaintiff presently moves to strike.

Plaintiff contends that jurisdiction of this action is conferred upon the Court by Section 17 of the Act; that the proceeding is by its nature an equitable one not requiring a jury, nor is provision made in the statute for trial by jury; that neither the Seventh Amendment to the Constitution, nor any law of the United States, grants an employer the right to a trial by jury in injunction actions.

Defendant counters by averring that he is not at present engaged in doing business as an individual proprietorship and has not for some time prior to the commencement of this action; and that he duly paid, satisfied and discharged all sums claimed by plaintiff in the Complaint by paying to employees all sums alleged to be due. This, plaintiff disputes.

Defendant filed an affidavit setting forth that he ceased doing business as York Industrial Tool and Engineering on May 1, 1966; that on that date he became President of York Industrial Tool, Inc., and is still so engaged, and that as such officer he has caused the corporation to fully comply with all of the laws, rules and regulations of the Fair Labor Standards Act.[1]

In Wirtz v. Jones, 340 F.2d 901, 903–904 (5th Cir. 1965), after tracing the history of the Act leading up to the 1961 amendment, the Court stated:

"In this fashion Congress expressly restored the full equity powers of the courts in exercising the jurisdiction granted in § 17. There is nothing in the wording of § 17, as amended in 1961, or in the legislative history of § 17, or any of its amendments, to suggest that Congress intended to provide for the trial of factual issues arising under it by a jury. Had it so intended it could easily have said so. Actually the language used strongly implies a contrary intent. The 1961 amendment is couched in traditional equitable terms of 'restraining' a continuing wrong. The district courts are given 'jurisdiction * * * to restrain violation * * * including * * * the restraint of any withholding * * *.' The equitable action authorized in relation to withholding is simply emphasized as a part of the jurisdiction to restrain violations generally. Absent any statutory provision for jury trial, as is clearly the

1. A similar action was filed by the Secretary of Labor on the same day as this action, to wit, September 22, 1966, against Herschel E. Martin, doing business as an individual proprietorship as Martin Machine Company, York, Pennsylvania. Affidavits filed in both cases aver that both Riccio and Martin ceased their respective operations on May 1, 1966, and that on that day Riccio became President and Martin became Vice President/Treasurer (Martin's individual enterprise, as above stated, was Martin Machine Company) of York Industrial Tool, Inc., and they are both presently so engaged.

case here, the defendants have no right to demand it."

In Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750, 752 (W.D.Ark.1963), the Court had this to say of Section 17:

"While the Secretary has always had the authority under section 17 to maintain suits for injunctions to restrain threatened future violations of the Act, he was prohibited, at least during the period between the effective date of the 1949 amendments to the Act and the effective date of the 1961 amendments, from obtaining back pay awards in section 17 proceedings. However, the 1961 amendment to section 17 deleted the prohibition set forth in the 1949 amendment to that section, and provided expressly that the jurisdiction of the district courts to grant injunctions against violations of the Act should include the power to restrain the withholding of payment of minimum wages or overtime compensation found by the court to be due to employees covered by the Act."

Again, at p. 756, the Court said:

" * * * The Secretary is suing for the benefit of the public and to vindicate a public right. The Secretary is seeking to secure future compliance with the law, which is in the public interest, and he is seeking by means of a negative order to compel the defendants to make reparations for alleged past violations of the law, which likewise is in the public interest. The relief sought is equitable and it is no less so because compliance with the decree which plaintiff seeks may require the defendants to pay out money. That the filing of the suit has affected, and that the outcome of the suit may further affect, the substantive rights of the employees does not convert the proceeding from a suit in equity to an action at law, and does not convert the prayer for a negative injunction requiring defendants to cease to withhold moneys allegedly due the employees into a legal claim for money damages."

This is essentially an equitable action seeking an injunction and it appears to be abundantly clear that it is not the type of action that calls for a jury trial.

This defendant is still in business and the challenged practices are capable of repetition. Southern Pacific Terminal Co. v. Interstate Commerce Comm., 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). As stated in Jones, supra, 340 F.2d at 904, "the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest." See also, Sullivan v. Wirtz, 359 F.2d 426 (5th Cir. 1966); Wirtz v. Wheaton Glass Co., 253 F.Supp. 93 (D.N.J.1966).

Defendant contends that the fact that he went out of business prior to the Government filing its Complaint renders the matter moot. In Durkin v. Abelson, 24 Labor Cases ¶ 67,898 (E.D.Tenn. 1953), the Court said, inter alia:

"The proof discloses, without question, that the defendants have ceased to do business and have no intention of again engaging in the same activities.

"Even so, the Court concludes that, under the authorities, the question is not moot, but presents a justiciable issue to be determined upon trial. * * * "

See also, Wirtz v. W. H. Morse Trucking Ltd., 50 Labor Cases ¶ 31,641 (S.D.Calif. 1964); Walling v. James V. Rueter, Inc., 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001 (1944); National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831 (1938); Walling v. Haile Gold Mines, Inc., 136 F.2d 102 (4th Cir. 1943).

Plaintiff's motion to strike defendant's demand for trial by jury will be granted.