John LeRoy **HICKMAN** et al., Plaintiffs,

v.

**IDAHO STATE SCHOOL AND HOSPI-
TAL** et al., Defendants.

Civ. No. 1–71–114.

United States District Court,
D. Idaho.

March 14, 1972.

Brauner, Fuller & Doolittle, Caldwell,
Idaho, for plaintiffs.

W. Anthony Park, Atty. Gen. of Ida-
ho, and John Magel, Deputy Atty. Gen.
of Idaho, for defendants.

MEMORANDUM OF OPINION
AND ORDER

J. BLAINE ANDERSON, District
Judge.

Plaintiffs, John LeRoy Hickman, et
al., brought this action against the de-

fendants, Idaho State School and Hospital, et al., seeking to recover overtime compensation, liquidated damages, attorneys' fees and costs allegedly due to them under the Fair Labor Standards Act of 1938, as amended. (29 U.S.C.A. § 201 et seq.), and for an injunction to restrain future alleged violations of the Fair Labor Standards Act (F.L.S.A.). This case is presently before the court on defendants' motion to dismiss for lack of jurisdiction.

The plaintiffs are present and former employees at the Idaho State School and Hospital (School). The School is an educational institution and hospital operated by the defendant, State of Idaho, and has been in continual existence from about 1917 to date. The School is presently under the direct supervision and control of the defendant, State Board of Health. The primary function of the School is to care for the mentally ill or defective who reside at the School and to provide for the education of mentally handicapped children.

Plaintiffs allege they are, or were, employed in various positions at the School during the period from February 1, 1967, to the present. During that period they worked many work weeks in excess of forty hours per week and that the defendants have failed and refused to compensate them at rates not less than one and one-half times the regular rates at which they were employed, which is contrary to the express requirements of the F.L.S.A. (29 U.S.C.A. § 207(a) (1)).

The defendants contend that this court does not have jurisdiction because the Eleventh Amendment to the United States Constitution denies citizens of a state the right to sue that state in a federal court, notwithstanding any act of Congress to the contrary and that the State of Idaho has not waived its sovereign immunity from suit as provided by the Eleventh Amendment.

Plaintiffs contend that the F.L.S.A., as amended by Congress in 1966, provides them with a cause of action against the State of Idaho, and, further,

that the State of Idaho has waived its sovereign immunity.

In 1966 the F.L.S.A. was amended to include the non-technical, unskilled employees of state-owned or operated public schools and hospitals. (29 U.S.C.A. § 203(d)). Such employees were previously excluded from coverage under the F.L.S.A. The 1966 amendment did not alter or change the F.L.S.A. regarding suits by employees against their employers to collect compensation allegedly due under it. (29 U.S.C.A. § 216(b)). The F.L.S.A. is silent concerning suits against the various states by private citizens. The court is reliably informed by counsel that at committee hearings and in floor debate in both the House and Senate, no discussion of any kind appears which would shed light upon congressional intent with respect to enforcement by individuals against states, their agencies or political subdivisions.

The 1966 amendment has created a rather anomalous situation inasmuch as it would appear to abrogate the doctrine of state immunity from suit by its own citizens in federal courts as set forth in Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). As a result of the 1966 amendment to the F.L.S.A., the sole question before the court, at this time, is whether the plaintiffs, as private citizens of the State of Idaho, may sue the defendant, State of Idaho, in this court under the enforcement and remedy provisions of the F.L.S.A., absent an express or implied consent to suit or a waiver of sovereign immunity by the defendant, State of Idaho.

Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968) sets at rest any contention that the 1966 amendment is unconstitutional. In *Wirtz* the court very clearly held that Congress, by virtue of its plenary power over matters involving interstate commerce, acted within the bounds of the Federal Constitution by including non-technical and unskilled employees of state-operated or owned schools and hospitals within the coverage of the F.L.S.A. However, the Court declined to de-

cide the question of whether the various states as employers under the F.L.S.A. are amenable to suit in federal courts for collection of alleged overtime compensation.

Plaintiffs argue rather forcibly that the decision of the Tenth Circuit in Briggs v. Sagers, 424 F.2d 130 (10th Cir. 1970), cert. den., 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59 (1970) is correct in its reasoning and conclusion and is dispositive of the question before this court.

*Briggs* is factually indistinguishable from the present case. In *Briggs* the court followed the doctrine of implied consent to suit as that doctrine was espoused in Parden v. Terminal Railway of Alabama State Docks Department, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). The Court reasoned that because the power of Congress is plenary in matters involving interstate commerce, and the State of Utah, in operating its school and mental hospital facilities, is an enterprise in commerce, and it continued to operate those facilities subsequent to the passage of the 1966 amendment to the F.L.S.A. with knowledge that Congress had included its non-technical and unskilled employees under the Act, then it had consented to waive its sovereign immunity as provided by the Eleventh Amendment and was amenable to suit in the federal courts under the F.L.S.A.

Defendants, on the other hand, rely primarily upon the recent decision of the Eighth Circuit in Employees of Dept. of P. H. & W. v. Dept. of P. H. & W. of State of Missouri, 452 F.2d 820 (8th Cir. 1971), in their attack upon the jurisdiction of this court.

*Employees* is also factually indistinguishable from the present case. In *Employees* the Eighth Circuit rejected the implied consent doctrine of Parden v. Terminal Railway of Alabama State Docks Department, supra, and held that a state must knowingly and intelligently waive its sovereign immunity in order to be amenable to suit under the F.L.S.A., as amended. The court was satisfied

that the State of Missouri did not knowingly and intelligently waive its sovereign immunity by continuing to operate its mental hospitals and training schools subsequent to the 1966 amendment.

██ The court finds the reasoning of the Eighth Circuit in *Employees* persuasive and would have a great deal of difficulty in subscribing to plaintiffs' proposition that the defendant, State of Idaho, by implication, waived its sovereign immunity to suit in this court under the F.L.S.A. simply because it failed to discontinue the operation of the School after enactment of the 1966 amendment. The doctrine of sovereign immunity, albeit an historical anachronism which has been justifiably disposed of in many instances, is constitutionally protected by the Eleventh Amendment to the United States [Constitution], Hans v. Louisiana, supra, and should not be found to have been knowingly and intelligently waived by the Hobson's Choice which was presented the defendant, State of Idaho, in this case.

Unlike the respective defendants in Parden v. Terminal Railway of the Alabama State Docks Department, supra, and Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), the defendant, State of Idaho, established the School prior to adoption by Congress of legislation affecting the endeavors there involved. Article X, Section 1 of the Idaho Constitution, adopted in 1890, provides for the establishment and operation of facilities such as the Idaho State School and Hospital for the care and education of the mentally ill and defective. The defendant, State of Idaho, could not have discontinued operation of the School in 1966 if it had wanted to without an amendment to the Idaho Constitution.

It may be conceded that under the Commerce Clause the states did grant plenary power to Congress to govern and regulate commerce "among the several states", with the incidental power of the executive branch of the federal government to sue states and their agencies to

compel compliance. However, it is quite a different matter to say that any grant of such power carried with it the right of a citizen to sue his state in matters relating to interstate commerce. Each of the cases cited in *Briggs* and the additional ones cited to the court by plaintiffs, are all cases where the United States or a person or agency of the federal government brought an action against a state or a state agency to enforce compliance with the various federal statutes relating to interstate commerce. California v. Taylor, 353 U.S. 553, 77 S.Ct. 1037, 1 L.Ed.2d 1034 (1957); California v. United States, 320 U.S. 577, 64 S.Ct. 352, 88 L.Ed. 322; United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567 (1936); Bd. of Trustees of University of Illinois v. United States, 289 U.S. 48, 53 S.Ct. 509, 77 L.Ed. 1025 (1933); Sanitary District of Chicago v. United States, 266 U.S. 405, 45 S.Ct. 176, 69 L.Ed. 352 (1925) are all in this category. None of them were confronted with the Eleventh Amendment issue as is this court, and, therefore, are not persuasive on the point in issue.

Plaintiffs contend that the State of Idaho has knowingly waived its sovereign immunity or in the alternative consented to suit in this court by adopting Sec. 67–5332, Idaho Code, S.L. '71, Ch. 327, Sec. 7, which provides, in part, that:

" . . . [T]he method of payment and rate of overtime compensation for the classified employees of the state hospitals, state schools, and state institutions of higher learning shall be in accordance with the provisions of the Fair Labor Standards Act of 1938, as amended. . ."

Adoption of the "method of payment and rate of overtime compensation" can hardly be construed to constitute a waiver or consent of the defendant, State of Idaho's, federal constitutional right of sovereign immunity to be proceeded against under the F.L.S.A. by its own citizens in the absence of some showing of legislative intent to do so. Reference to those specific matters, only, should not be extended by meaningless semantics to include express or implied adoption of the remedy or enforcement provisions of the F.L.S.A. and, thus, a consent to suit. To hold to the contrary would be tantamount to following the rule set forth in Briggs v. Sagers, supra, which this court does not see fit to accept. In short, the court, in passing on this question, should "find" a waiver clearly spelled out by the "facts"—a court should not in an Eleventh Amendment situation "impose" a waiver.

In further support of their contention that the State of Idaho has knowingly waived its sovereign immunity or in the alternative consented to suit in this court, the plaintiffs rely upon the recent decisions of Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970), and Grant Const. Co. v. Burns, 92 Idaho 408, 443 P.2d 1005 (1968) for the proposition that the State has waived its sovereign immunity in tort and contract, respectively. Assuming arguendo that the defendant, State of Idaho, has so waived its sovereign immunity, these cases do not constitute a waiver of Idaho's Eleventh Amendment rights as discussed herein because that issue was not before the Idaho Supreme Court in those cases. If Idaho waived its sovereign immunity in those cases, it only waived the common law immunity of the sovereign to be sued in its own courts with respect to the subject matter of those cases. De-Long Corp. v. Oregon State Highway Comm., 233 F.Supp. 7 (D.C.Ore.1964), aff'd 343 F.2d 911 (9th Cir. 1965), cert. den. 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965).

The establishment, in 1965, of the Idaho Personnel Commission (S.L. '65, Ch. 289, p. 746; Title 67, Ch. 53, Idaho Code) providing for administrative redress and enforcement of the method of payment and rate of compensation with respect to state employees is a clear expression by the Idaho Legislature that it has not waived its Eleventh Amendment right to immunity from suit in the federal courts. On the contrary,

it has provided state employees with a means whereby they can be heard regarding their salaries within the framework of Idaho's own sovereign spheres of activity.

The court does not consider it necessary to comment on the various other contentions raised by the parties in view of the fact its decision with respect to sovereign immunity renders such additional contentions moot.

Having fully reviewed the record and briefs of counsel and having heard oral argument, it is the opinion of the court that the defendants' motion to dismiss for lack of jurisdiction should be granted on the grounds that the defendant, State of Idaho, and any official or administrative agency of the State, are immune from suit in their official capacity under the F.L.S.A. for the reasons more fully set forth hereinabove.

Accordingly, it is ordered, that the defendants' motion to dismiss for lack of jurisdiction be, and the same hereby is, granted.