James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, PARSIPPANY-TROY HILLS et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, PASSAIC, NEW JERSEY, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, POMPTON LAKES, NEW JERSEY, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, BERGENFIELD, NEW JERSEY, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, CITY OF BAYONNE, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION OF the BOROUGH OF FORT LEE et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

NEWTON BOARD OF EDUCATION et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, JERSEY CITY, NEW JERSEY, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, GARFIELD, NEW JERSEY, et al., Defendants.

James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BOARD OF EDUCATION, LODI, NEW JERSEY, et al., Defendants.

Civ. A. Nos. 1788–71 to 1796–71 and 527–72.

United States District Court, D. New Jersey. June 14, 1972.

Richard F. Schubert, Solicitor of Labor, Francis V. LaRuffa, Regional Solicitor, by Laurel J. McKee, Chief Trial Atty., U. S. Dept. of Labor, New York City, for plaintiff in all actions.

Schenck, Price, Smith & King, by Alten W. Read, Morristown, N. J., for defendant, Board of Education, Parsippany Troy Hills.

Louis Marton, Jr., Passaic, N. J., for defendant, Board of Education, Passaic.

Slingland, Bernstein & Van Hartogh, by George W. Slingland, Pompton Lakes, N. J., for defendant, Board of Education, Pompton Lakes.

Major & Major, by James A. Major, Hackensack, N. J., for defendant, Board of Education, Bergenfield.

John Pagano, Bayonne, N. J., for defendant, Board of Education, Bayonne.

Murphy & Skelley, by Joseph T. Skelley, Fort Lee, N. J., for defendant, Board of Education, Fort Lee.

Dolan & Dolan, by William Martin Cox, Newton, N. J., for defendant, Board of Education, Newton.

William A. Massa, George R. Blaney, Jersey City, N. J., for defendant, Board of Education, Jersey City.

Anthony J. Sciuto, Garfield, N. J., for defendant, Board of Education, Garfield.

Gerald P. Lo Proto, Lodi, N. J., for defendant, Board of Education, Lodi.

James A. Major, Hackensack, N. J., of counsel, for all defendants.

## OPINION

LACEY, District Judge:

The Secretary of Labor sues in these several actions to enjoin violations, by certain New Jersey school boards, of the overtime and minimum wage·provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219 (FLSA).

This matter comes on by way of defendants' various motions for summary judgment and dismissal, all of which were consolidated by my order, raising as they do a common question of law, to wit, whether the Eleventh Amendment of the United States Constitution bars these actions.[1]

---

1. Raising an issue of first impression, the defendants have moved for summary judgment based upon the following contentions: 1) The defendants are entitled

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[2]

Defendants essentially contend that these actions, while brought in the name of the Secretary, will in fact benefit defendants' employees and thus are in reality suits by citizens of this State against the defendants which, as subdivisions of the State, can raise the Eleventh Amendment bar.[3]

Plaintiff declares that these suits do not implicate the Eleventh Amendment.

His argument follows: the complaint seeks injunctive relief under 29 U.S.C. § 217 to halt defendants' alleged violations of § 15(a) (2) of the FLSA [29 U.S.C. § 215(a) (2)] and to restrain defendants from withholding from certain of its employees payment of minimum wage and overtime compensation in whatever amount may be found by this Court to be due them.[4] Section 217 provides as follows:

The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or over-

---

to judgment as a matter of law. 2) Plaintiff's complaint fails to state a cause of action upon which relief can be granted. 3) This Court lacks subject matter jurisdiction over these actions. The Bayonne Board of Education also moves to dismiss the complaint on the ground that it is a political subdivision of the State of New Jersey and "should be excluded" from the provisions of the FLSA, that there has been no waiver of immunity to suit, and that the action does not lie in this Court.

The defendants also move for a jury trial. The Bergenfield Board of Education moves in the alternative that certain unions, representing its employees, be made party defendants.

2. The Eleventh Amendment has been construed to preclude a suit against a State, by a citizen of that State, without its consent. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890) and Fitts v. McGhee, 172 U.S. 516, 524, 19 S.Ct. 269, 43 L.Ed. 535 (1899). See S. J. Groves & Sons Co. v. New Jersey Turnpike Authority, 268 F.Supp. 568 (D. N.J.1967). Cf. Illinois v. City of Milwaukee, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); and see Meyer v. State of New Jersey, 460 F.2d 1252 (3 Cir. 1972); O'Neill v. Commonwealth of Pennsylvania, 459 F.2d 1 (3 Cir. 1972).

In the O'Neill case the Third Circuit observed that " . . . the Eleventh Amendment to the Constitution precludes an action for money damages in a federal court against a state by a citizen of another state unless the state grants its consent." [emphasis sup-

plied]. While the underscored words imply the absence of an Eleventh Amendment bar to injunctions, we know of no authority so holding. However, see Illinois v. City of Milwaukee, supra, at fn. 9, in its discussion of suits against municipalities to enjoin public nuisance. And see Williams v. Eaton, 443 F.2d 422, 428–429 (10 Cir. 1971), where the court permitted an action against a state officer to enjoin an unconstitutional action, while noting Eleventh Amendment problems if such an action were to reach the public treasury. Cf. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

By a statute signed into law on June 1, 1972, the State of New Jersey has consented to suit in New Jersey courts for a limited range of actions sounding in tort and in contract (Chapters 45 and 48 of the Laws of 1972).

3. Cf. Hawaii v. Standard Oil of California, 405 U.S. 251, fn. 12, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972): " . . . An action brought by one State against another violates the Eleventh Amendment if the plaintiff State is actually suing to recover for injuries to designated individuals. . . ." As subsequently indicated, the Secretary here is not seen to be acting "to recover for injuries to designated individuals."

4. Section 215(a) (2) reads:
[I]t shall be unlawful for any person—
to violate any of the provisions of section 206 or section 207 of this title, or any of the provisions of any regulation or order of the Administrator issued under section 214 of this title . . .

time compensation found by the court to be due to employees under this chapter . . . .

The Secretary argues that only he can bring an action under § 217; and that an employee cannot compel its institution. Powell v. Washington Post Co., 105 U.S.App.D.C. 374, 267 F.2d 651, 652 (1959), cert. denied, 360 U.S. 930, 79 S. Ct. 1449, 3 L.Ed.2d 1544 (1959), is supportive of this position. Finally, the argument goes, it is a suit under 29 U.S.C. § 216(b) which Congress provided for the private relief of an aggrieved employee, while § 217 was intended to serve the broad public interest.[5] Thus, the Secretary concludes, while incidentally defendants' employees may derive benefit from these actions, their principal thrust is to serve the nation as a whole, and that the broad public good, not merely a narrow private good, will benefit thereby. For the reasons hereinafter set forth, we adopt the Secretary's position and determine the Eleventh Amendment not to be involved in these suits.

Before dealing with the Eleventh Amendment issue, it is appropriate to put to rest a collateral contention made by the defendants, that Congress in applying to them the FLSA was unaware of, or ignored, the fiscal aspect of its action.

The FLSA was only made applicable to certain public school employees (as are here involved) in 1966. Defendants herein are not the first to complain about added payroll costs imposed by that statutory change. The legislative history of the amendatory provisions reveals that, incident to amendment, various concerned local school boards, resisting the change, had similarly complained of the additional financial burden cast upon them by the proposed revisions.

■ The House of Representatives, in passing the original amendment, commented [H.R.Rept. No. 1366, 89th Cong., 2d Sess. (1966), as cited in H.R.Rept. No. 13712, 89th Cong., 2d Sess., 16–17 (1966)]:

Even outweighing the consideration of unfair competition between covered and noncovered enterprises were the needs of the employees of these enterprises. A custodial worker in an educational institution is as much in need of a *minimum standard of living* as a custodial worker in an aircraft plant.

. . .

The Senate, however, deleted coverage of employees of private and public primary and secondary schools. The Committee report, which recommended such a deletion, noted that [2 U.S.Code Cong. & Admin.News (89th Cong.2d Sess.1966) at p. 3010]:

. . . By exclusion of these employees from coverage under the Senate reported bill, the committee is not passing upon the merits of extending coverage of the act to employees of elementary and secondary schools. It believes that this amendment should be the subject of hearings and further consideration in future amendments to the act. The committee was also concerned about the impact which a possible increase in wages for such employees might have upon local school districts that depend in part upon tax dollars for operating revenues.

From conference committee, however, the present version emerged and became law. Thus it is clear that the fiscal impact of the disputed legislation was considered and comprehended when the coverage of the FLSA was extended to employees of primary and secondary schools.

5. The Secretary does not herein concede that a suit under § 216 is barred by the Eleventh Amendment. This very issue is now before the United States Supreme Court. Employees of Dep't. of Public Health & Welfare of Missouri v. Dep't. of Public Health & Welfare of Missouri, 452 F.2d 820 (8 Cir. 1971), cert. granted, 405 U.S. 1016, 92 S.Ct. 1294, 31 L.Ed.2d 478 (1972). *See also,* Briggs v. Sagers, 424 F.2d 130 (10 Cir. (1970), cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59 (1970). *See, infra* at p. 12.

Both sides to this dispute recognize that, to a degree, the United States Supreme Court has dealt with, even if it has not resolved, the extent to which the FLSA may be applied to certain institutions of the states and their subdivisions, including those operating public schools. In Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968), suit for a Declaratory Judgment of statutory invalidity was brought by twenty-eight states (including New Jersey) and one school district. The Supreme Court upheld the FLSA in its application to certain public employees, including those employed in schools operated by states or their subdivisions, while emphasizing that the statutory coverage did not extend to executive, administrative or professional employees, nor to teachers in elementary or secondary schools. See 29 U.S.C. § 213(a) (1); and 2 U.S.Code Cong. & Admin. News (89th Cong.2d Session 1966) at 3048. The Court in pertinent part stated (392 U.S. at 193–194, 88 S.Ct. at 2022):

. . . Congress has "interfered with" these state functions only to the extent of providing that when a State employs people in performing such functions it is subject to the same restrictions as a wide range of other employers whose activities affect commerce, including privately operated schools . . . .

Defendants do not quarrel with, nor do they ask this Court not to apply, the holding in Maryland v. Wirtz, *supra.* Rather, they raise herein those two issues which the Supreme Court in Maryland v. Wirtz, given the posture of that case, expressly deemed it inappropriate to consider: 1) whether the Eleventh Amendment bars the application of the FLSA in those cases where a state or its political subdivision is a defendant in an action based thereon; 2) whether employees (such as defendants') meet the criteria of 29 U.S.C. § 203(s).[6]

These two questions were indeed left open by the Supreme Court in Maryland v. Wirtz, and are clearly put before this Court by the cases at bar.

While the Supreme Court left the narrow Eleventh Amendment issue open, we are not without guideposts generally.

The injunctive aspect of § 217, and its aid in the promotion of the public good, was recognized even before Maryland v. Wirtz, *supra,* in Wirtz v. Jones, 340 F.2d 901, 904–905 (5 Cir. 1965):

. . . [The purpose of the injunctive procedure is] . . . not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest . . . but that enforced payment . . . is simply a part of a reasonable and effective means which Congress, after trial and error, found it necessary to adopt to bring about general compliance with § 15(a) (2). In the course of his remarks in presenting the bill for the 1961 amendment to the Act, President Kennedy, then Senator, said, with reference to the enforcement provision, ". . . it will serve as a source of protection to employers who pay a decent wage and who must compete with employers who pay a substandard wage." U.S. Code Cong. & Ad[min].News, 87th Congress, First Session 1961, Vol. 2 at

---

6. Section 203(s) reads:

"Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person, and which—

\*       \*       \*       \*       \*

(4) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, an elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit). . . .

p. 1621. The effectiveness of this protection is a matter of cardinal importance to the vitality of the Fair Labor Standards Act and the fulfillment of its purposes . . . The order to pay withheld, but earned, remuneration is to redress a wrong being done to the public good.

See also Hodgson v. Hotard, 436 F.2d 1110, 1113–1114 (5 Cir. 1971); Shultz v. Mack Farland & Sons Roofing Co., Inc., 413 F.2d 1296, 1305 (5 Cir. 1969).

Dealing with whether, in a § 217 action, trial by jury is available, Judge Cohen of this District in Wirtz v. Wheaton Glass Co., 253 F.Supp. 93, 95 (D.N.J.1966), stated:

> . . . That the employee may ultimately reap the reward by the incidental receipt of wages wrongfully withheld does not convert the equitable nature of the action into a legal one triable as of right by jury. Unlike the employee who seeks enforcement of a private right, the Secretary represents the sovereignty of the United States in protection of the public interest by enjoining violations of the Act.

In accord is Hodgson v. Amercan Can Co., 328 F.Supp. 261, 264 (E.D.Pa. 1971); and see Schultz v. Wheaton Glass Co., 319 F.Supp. 229, 232 (D.N.J. 1970); Wirtz v. Riccio, 264 F.Supp. 134, 136 (M.D.Pa.1967).

The legislative history of the injunctive enforcement provision was used by the Ninth Circuit in Wirtz v. Malthor, Inc., 391 F.2d 1, 3 (9 Cir. 1968) to characterize that relief, in that:

> . . . It must be remembered that restraining appellees from withhold-

ing the minimum wages and overtime compensation is meant to vindicate a public, rather than a private, right, and that the withholding of the money due is considered a "continuing public offense." Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Burk Builders, Inc. v. Wirtz, supra [355 F.2d 451 (5th Cir. 1966)]; Wirtz v. English, supra. The 1961 amendment of Section 17 (29 U.S.C. § 217) authorizing the restraint that the Secretary requests here had at least two purposes. First, the restraint was meant to increase the effectiveness of the enforcement of the Act by depriving a violator of any gains accruing to him through his violation. Second, the amendment was meant to protect those employers who comply with the Act from having to compete unfavorably with employers who do not comply. (Senate Report No. 145, 87th Cong., First Session, 1961; 1961 U.S. Code Cong. & Admin.News 1620 at 1658–1659). Those public purposes can be fulfilled in this case only by restraining the appellees from further withholding the unpaid compensation.[7]

Defendants, in support of their Eleventh Amendment argument, contend that the FLSA can only be applied as here where it can be said that a subject State or its subdivision has waived its immunity and consented thus to be sued. From this they move to two cases where Courts of Appeals for the Eighth and Tenth Circuits discussed the matter of "consent." Employees of Department of Public Health & Welfare, State of Missouri v. Department of Public Health & Welfare, State of Missouri, 452 F.2d 820 (8 Cir. 1971), cert. granted, 405 U.S.

---

7. Defendants contend that money collected in these actions will go to the affected employees. It should be noted that while § 216 affords a means to individual employees to bring an action against an employer for wages withheld in violation of the Act, 29 U.S.C. § 216(b), Congress has also provided, in 29 U.S.C. § 216(c), that any sums recovered as the result of an injunction pursuant to 29 U.S.C. § 217 are to be paid into a special account maintained by the Secretary of Labor and then distributed to those employees who were affected by the violation. However, if the Secretary of Labor is not able to make distribution of these funds, the recovery is paid into the Treasury of the United States. Wirtz v. Jones, supra, 340 F.2d at 904–905. We do not deem defendants' argument on this score a persuasive one. The core of § 217 is still its serving of the broad public interest.

1016, 92 S.Ct. 1294, 31 L.Ed.2d 478 (1972); and Briggs v. Sagers, 424 F.2d 130 (10 Cir. 1970), cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59 (1970).[8]

There is a fundamental flaw in defendants' analysis, however. Both actions were brought under 29 U.S.C. § 216(b) by employees (and not by the Secretary, under § 217) to recover past wages improperly withheld by state institutions. The two Circuits differed in their concept of consent to be sued and waiver of sovereign immunity. The Court in *Briggs* followed the principle set forth in Parden v. Terminal Railroad of Alabama State Docks Dept., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), in regard to waiver of immunity. In *Parden* Alabama citizens sued a railway owned by the State of Alabama to recover under the Federal Employers Liability Act (FELA). The Court held that Alabama had waived its sovereign immunity by continued operation of the railway after the Act had become effective. The Court in *Briggs* applied the *Parden* principle and held that the State of Utah, having continued the operation of a state school after the effective date of the 1966 FLSA amendments, waived its immunity to suit by its citizens. The Eighth Circuit, however, in the *Missouri* case, held that the *Parden* principle did not apply; rather that any waiver of the state's sovereign immunity must be an intentional one. The Supreme Court, in granting *certiorari* in the *Missouri* case, has indicated two areas of inquiry. The first is whether Congress intended to authorize suits by *employees* of state-owned schools and hospitals against states for wage claims under Fair Labor Standards Act. This question deals with the remedy afforded by 29 U.S.C. § 216(b). The second question is whether, under *Parden,* a state is deemed to have waived its Eleventh Amendment immunity to citizen-

employee suits by continued operation of activities after Congress has extended to these activities coverage of the FLSA.[9]

The two *certiorari* issues do not relate to the instant actions, for the cases at bar are suits to vindicate a public wrong and are brought under § 217. The Court in the *Missouri* case gave an indication of its feeling as to whether there is an Eleventh Amendment issue involved in a proceeding brought under § 217. While establishing that, absent waiver or consent, an action brought by employees under 29 U.S.C. § 216(b) is barred by the sovereign immunity afforded by the Eleventh Amendment, the Court observed (452 F.2d at 826):

> . . . An adverse effect on commerce which might result from preserving sovereign immunity in the present situation is minimal, particularly in view of *other available remedies for enforcement of the provisions of the Act.* [emphasis supplied].

That the underscored portion of the quotation refers to a § 217 proceeding is indicated by the fact that there then is a footnote reference to the fact that the Secretary of Labor had already commenced an action requesting an injunction and back pay against the same defendant.

For the foregoing reasons we find defendants' authorities unpersuasive.

The defendants also rely on Hill v. United States, 453 F.2d 839 (6 Cir. 1972). In that action, the plaintiffs, a minor and her father, instituted an action under the Federal Tort Claims Act for damages resulting from an injury received by the minor while a spectator at a school football game. The injury was allegedly caused by the operation of a cannon by Army personnel. The United States filed a third-party complaint against the State of Tennessee, and the state moved to dismiss on the basis of

8. *See also* Hickman v. Idaho State School and Hospital, 339 F.Supp. 463 (D.Idaho 1972).

9. Defendants have suggested we withhold decision herein until the Supreme Court decides the *Missouri* case. In view of the *certiorari* issues we see no reason to do so.

sovereign immunity. In granting the motion to dismiss the court held that: "Any right of the United States to contribution from the State of Tennessee is derivative of the liability of the state to the injured parties, i. e., the original plaintiffs." *Hill, supra,* at 842. The *Hill* case would have precedential value for us only if the Secretary of Labor was bringing these actions derivatively in the right of the several affected employees. As we have repeatedly stated, however, this is not the case. Rather, these actions are being brought by the Secretary, to cure a public wrong which affects the public interest, under the commerce power. Maryland v. Wirtz, *supra,* 392 U.S. at pp. 193–199, 88 S.Ct. 2017, 20 L.Ed.2d 1020. The employee has his own right of action under § 216, and, indeed, the statute also provides for the Secretary of Labor to commence suit, under § 216(c), upon an employee's complaint. In the latter situation *Hill* might with some propriety be urged upon us, but not given the framework of this litigation.

█ It must, therefore, be concluded that in the instant matters the actions are being brought by the Secretary to cure a public offense. Such an action could not have been compelled by the individual employees. The reason given by Congress for such an action was to provide this remedy as the most effective method of enforcing the provisions of the FLSA. The United States is not limited by virtue of the Eleventh Amendment in bringing an action against a state or a state's political subdivision. United States v. Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285 (1892). It has been recognized that an action by the Secretary of Labor is, in effect, one involving the United States. Mitchell v. McCarty, 239 F.2d 721, 724 (7 Cir. 1957); *see* Wirtz v. Lone Star Steel Co., 405 F.2d 668, 670–671 (5 Cir. 1968). These actions are not barred by the Eleventh Amendment.

The remaining issue left open in Maryland v. Wirtz, *supra,* 392 U.S. at 200, 88 S.Ct. 2017, is whether these defendants employ, pursuant to 29 U.S.C. § 203(s)

. . . employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person . . .

No proofs have yet been submitted on this issue which has of course been raised by the pleadings. Accordingly, summary judgment on this issue is denied. *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970); Shaughnessey v. Penn Central Transportation Co., 454 F.2d 1223 (3 Cir. 1972); and Janek v. Celebrezze, 336 F.2d 828, 834 (3 Cir. 1964).

█ The defendants move for a jury trial in this matter. The relief sought in the complaint is of an injunctive nature; and injunctive actions under 29 U.S.C. § 217 are not subject to jury trials. Wirtz v. Jones, *supra,* 340 F.2d at 903–904; Hodgson v. American Can Co., *supra,* 328 F.Supp. at 263; Wirtz v. Riccio, *supra,* 264 F.Supp. at 135–136; and Wirtz v. Wheaton Glass Co., *supra,* 253 F.Supp. at 95–96.

The Bergenfield Board of Education has also moved to join as defendants the unions which represent the affected employees. F.R.Civ.P. 19 provides that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action . . . .

█ It is clear that neither of the disjunctive elements of Rule 19 apply. Accordingly, this motion is denied.

The various defendants' motions are denied. Appropriate forms of orders shall be submitted for each separate action covered by this opinion.