468 F.2d 1325
 20 Wage & Hour Cas. (BN 967
 James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, PARSIPPANY-TROY HILLS, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, PASSAIC, NEW JERSEY, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, POMPTON LAKES, NEW JERSEY, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, BERGENFIELD, NEW JERSEY, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, CITY OF BAYONNE, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION OF the BOROUGH OF FORT LEE, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
NEWTON BOARD OF EDUCATION et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, JERSEY CITY, NEW JERSEY, et al., Appellants.
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, GARFIELD, NEW JERSEY, et al., Appellants
James D. HODGSON, Secretary of Labor, United States Department of Labor
v.
BOARD OF EDUCATION, LODI, NEW JERSEY, et al., Appellants.
 Nos. 72-1749 to 72-1758.
 United States Court of Appeals,
Third Circuit.
 Submitted on Appellee's Motion to Dismiss Appeals Oct. 16, 1972.
Decided Nov. 1, 1972.
 
 James A. Major, Major & Major, Hackensack, N. J., for appellants.
 Carin Ann Clauss, Associate Sol., U. S. Dept. of Justice, Washington, D. C., for appellee.
 Before GIBBONS and JAMES ROSEN, Circuit Judges, and LAYTON, District Judge.
 MEMORANDUM AND ORDER
 GIBBONS, Circuit Judge.
 
 
 1
 The appellants seek to appeal from an order denying their motions for summary judgment on the ground that under the eleventh amendment they are immune from suit. The suit is brought by the Secretary of Labor under the equal pay and overtime provisions of Section 17 of the Fair Labor Standards Act. Act of June 25, 1938, c. 676, 52 Stat. 1060, as amended; 29 U.S.C. Sec. 201 et seq. It seeks an injunction to restrain the appellant school boards from continuing to withhold compensation allegedly due under that act to certain custodial workers. The district court, 344 F.Supp. 79, denied the motion for summary judgment, but has not yet reached the issue of coverage by the Act for the custodial workers. The appellants applied for and the district court denied a certification pursuant to 28 U.S.C. Sec. 1292(b). Rule 54(b), Fed.R.Civ.P. is inapplicable since no part of any claim has been finally disposed of. The appellee moves to dismiss the appeal as interlocutory. Appellants urge that the order appealed from is a collateral final order within the meaning of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 
 2
 If the district court were to decide at final hearing that the custodial workers were outside the coverage of the Act and we were to affirm on that ground it would be unnecessary for us to determine the constitutional claim of immunity which, appellants assert, is significant. A clearer case for the wisdom of the rule against interlocutory appeals could hardly be imagined. Even if a Sec. 1292(b) certificate had been granted by the district court we would very likely have rejected it. See Foster v. Maldonado, 433 F.2d 348 (3d Cir. 1970). Nor can this case be placed within the Cohen doctrine, at least as that doctrine has been confined in this circuit. See Hackett v. General Host Corp., 455 F.2d 618 (3d Cir. 1971).
 
 
 3
 The appeal will be dismissed.